IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00371-BNB

RUDY STANKO,

Applicant,

v.

HERMAN QUAY, Local Director,
MICHAEL NALLEY, Regional Director, and
HARLEY LAPPIN, National Director,

Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 22 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Rudy Stanko, is a prisoner in the custody of the United States Bureau of Prisons who was incarcerated at the Federal Correctional Institution in Littleton, Colorado, when he initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). He has since informed the Court that he has been transferred to the Federal Correctional Institution in El Reno, Oklahoma. He paid the $5.00 filing fee for a habeas corpus action.

Magistrate Judge Boyd N. Boland reviewed the application and on March 4, 2009, entered an order finding that Mr. Stanko was asserting civil rights claims concerning his custody classification rather than habeas corpus claims. Therefore, Magistrate Judge Boland ordered Mr. Stanko to submit within thirty days a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Magistrate Judge Boland also ordered Mr. Stanko to submit

within thirty days either the $345.00 balance due on the filing fee for a civil rights action or, if he was unable to pay the entire balance at this time, to submit a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his inmate trust fund account statement as required pursuant to § 1915(a)(2). Lastly, Magistrate Judge Boland directed Mr. Stanko to complete the complaint form, naming as defendants the individuals who allegedly violated his rights, and submit the completed complaint to the Court if he wished to pursue his claims. On April 3, 2009, the Court entered an order overruling Mr. Stanko's objections to the March 4, 2009, order.

The March 4, 2009, order warned Mr. Stanko that if he failed to cure the designated deficiencies in this action by submitting to the Court within thirty days a Prisoner Complaint and either a payment in the amount of $345.00 or a properly supported Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, the habeas corpus application would be denied and the action dismissed without further notice. Mr. Stanko has failed within the time allowed to cure the designated deficiencies or otherwise to communicate with the Court in any way. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action dismissed without prejudice for the failure of Applicant, Rudy Stanko, to comply with the directives of the March 4, 2009, order to cure and for his failure to prosecute. It is

FURTHER ORDERED that the clerk of the Court mail a copy of this order to Mr. Stanko at his new address.

DATED at Denver, Colorado, this 22 day of April, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00371-BNB

Rudy Stanko
Reg. No. 18259-013
FCI - El Reno
PO Box 1500
El Reno, OK 73036

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/22/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk